# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Suzanne G Paparo**<br>     Debtor<br><br>**Mortgage Assets Management, LLC**<br>     Movant<br><br>v.<br><br>**Suzanne G Paparo**<br>     Debtor/Respondent<br><br>**KENNETH E. WEST, Esquire**<br>     Trustee/Respondent | Bankruptcy No. 23-12439-mdc<br><br>Chapter 13<br><br>Hearing Date: January 2, 2024<br>Hearing Time: 10:30 a.m.<br>Location: 900 Market Street, Suite 202<br>Philadelphia, PA 19107<br>Courtroom Number #2 |

## MOTION OF MORTGAGE ASSETS MANAGEMENT LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT MORTGAGE ASSETS MANAGEMENT LLC TO FORECLOSE ON 228 HAWTHORNE ROAD MORTON, PA 19070

Secured Creditor, Mortgage Assets Management, LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Suzanne G Paparo, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 16, 2023. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2. On September 9, 2008, Suzanne G Paparo executed and delivered an ADJUSTABLE RATE NOTE (HOME EQUITY CONVERSION) ("Note") and ADJUSTABLE RATE HOME EQUITY CONVERSION MORTGAGE ("Mortgage") securing payment of the

Note up to a maximum principal amount of $370,500.00 to Wells Fargo Bank, N.A. A true and correct copy of the Note is attached hereto as Exhibit "A."

3. The Mortgage was recorded on October 6, 2008 in Instrument Number 2008071005 of the Public Records of Delaware County, PA. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

4. The Mortgage was secured as a lien against the Property located at 228 Hawthorne Road Morton, PA 19070, ("the Property").

5. The loan was lastly assigned to Mortgage Assets Management, LLC and same was recorded with the Delaware County Recorder of Deeds on August 10, 2022, as Instrument Number 2022043937. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

6. Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 6), the Debtor does not intend to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "D."

7. The terms and conditions of the Note and Reverse Mortgage are in default due to failure to perform an obligation under the Reverse Mortgage by failing to maintain property taxes.

8. Due to the Debtor's failure, on August 23, 2023, Secured Creditor advanced funds in the amount of $4,757.04 to obtain property taxes to protect the subject property. See Exhibit "E".

9. The current unpaid principal balance due under the loan documents is approximately $204,581.07, as of October 30, 2023. Movant's total claim amount, itemized below, is approximately $302,763.39, as of October 30, 2023. See Exhibit "F."

| Principal Advances | $204,581.07 |
|---|---|
| Interest | $66,082.76 |

| | |
|---|---|
| MIP | $2,154.30 |
| Servicing Fees | $600.00 |
| Corporate Advances | $27,684.53 |
| Intra Month Per Diem total | $1,660.73 |
| Total to Payoff | $302,763.39 |

10. According to the Debtor(s)' schedules, the value of the property is $350,000.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

11. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

12. As set forth herein, the Debtor has defaulted on their secured obligation having failed to maintain property taxes associated with the subject property which Secured Creditor ultimately advanced.

13. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

14. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Mortgage Assets Management, LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described

herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: December 6, 2023

                            **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
                            Attorney for Secured Creditor
                            13010 Morris Rd., Suite 450
                            Alpharetta, GA 30004
                            Telephone: 470-321-7112
                            By: /s/ Michelle L. McGowan
                            Michelle L. McGowan
                            PA Bar Number 62414
                            Email: mimcgowan@raslg.com